# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM C. MILLER, JR., : | |
| : | Civil No. 10-779 (RBK) |
| Petitioner, : | |
| : | |
| v. : | **O P I N I O N** |
| : | |
| PERRY PHELPS, Warden, and : | |
| ATTORNEY GENERAL OF THE : | |
| STATE OF DELAWARE, : | |
| : | |
| Respondents. : | |

**APPEARANCES:**

WILLIAM C. MILLER, JR.
Pro Se Petitioner

**KUGLER**, District Judge

On or about September 7, 2010, Petitioner William C. Miller, Jr. filed a letter asking the Court to appoint counsel and/or order him to be released him from the James T. Vaughn Correctional Center in Wilmington, Delaware into the custody of the United States Bureau of Prisons. (D.I. 1) For the reasons set forth below, and to the extent the letter should be construed as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("Petition"), the Court summarily dismisses the Petition as moot.

## I. BACKGROUND

When Petitioner filed the instant Petition in September 2010, he was serving a five year sentence in the State of Delaware, to be followed by a consecutive twenty-four month federal sentence. (D.I. 1) According to Petitioner, although he was eligible for Level IV treatment programs such as the Crest Program and work release, his pending federal detainer rendered him

ineligible "to participate in Level IV programs the DOC has in place to assist in rehabilitation." Id. "For this reason, [Petitioner] ask[ed]the court to [release him into] to the custody of the U.S. Bureau of Prisons to serve the 24 month sentence, and to be returned to the custody of the DOC upon completion." Id.

## II. DISCUSSION

### A. Standard of Review

A district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Pursuant to 28 U.S.C. § 2254(a), a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court. In turn, according to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." Lewis, 494 U.S. at 477-78. "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998).

### B. Petition Must Be Dismissed

The instant Petition is not seeking to invalidate Petitioner's Delaware sentence or conviction, or his Federal sentence and conviction. Rather, Petitioner merely asks the Court to effectuate his transfer from Delaware custody into the custody of the Federal Bureau of Prisons.

2

However, the Court has discovered that Petitioner was transferred to the custody of the Federal Bureau of Prisons during the pendency of this proceeding, and that he is now incarcerated at FDC, Philadelphia, in Pennsylvania.[1] See (Petitioner's letter at D.I. 34, United States v. Miller, Crim. Act. No. 96-105-SHR (M.D. Pa. Jan. 21, 2011)). Therefore, the instant habeas action is moot, because Petitioner has obtained the relief sought in his Petition.[2] See Preiser v. Newkirk, 422 U.S. 395, 403 (1975). Accordingly, the Court will deny the Petition for lack of jurisdiction.

---

[1] In December 2010, the Court sent an initial AEDPA Order and Election Form to Petitioner at his place of incarceration in Delaware. (D.I. 3) The Order was returned to the Court as undeliverable, and the Delaware Department of Corrections informed the Court that it did not know Petitioner's address. (D.I. 4) By using the Federal Bureau of Prisons Inmate Locator, the Court discovered that Petitioner is now incarcerated at FDC Philadelphia. The Court has also discovered that Petitioner recently filed a letter in the District Court for the Middle District of Pennsylvania asking the judge who presided over his federal criminal case to provide him with a copy of a judgment from a revocation hearing held in September, 2008. (Petitioner's letter at D.I. 34, United States v. Miller, Crim. Act. No. 96-105-SHR (M.D. Pa. Jan. 21, 2011)). That letter is dated January 14, 2011 and explains how Petitioner was "sentenced to a 24 month prison term consecutive to the sentence [he] was serving in the State of Delaware at that time." The letter also states that Petitioner is "now in the custody of the U.S. BOP." Id.

[2] The Court alternatively denies the Petition for failing to state a claim cognizable on federal habeas review. As previously stated, Petitioner is not challenging the validity of his underlying state conviction or sentence, nor is he challenging the validity of his federal conviction or sentence. To the extent Petitioner's claim challenges his ineligibility for Delaware state prison rehabilitative programs as a result of a federal detainer, such ineligibility does not rise to the level of a constitutional deprivation for which habeas relief can be granted. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)(individuals serving criminal sentences do not have a constitutional right to participate in rehabilitative programs); Barth v. Warden, FCI Fort Dix, 2009 WL 2634656, at *3 (D.N.J. Aug. 25, 2009). For instance, if Petitioner's instant claim were to succeed, he would only be entitled to serve his sentence in a different location (work release or the Crest Program); he would not be entitled to an immediate or speedier release. As such, Petitioner is actually challenging a condition of his custody, not the fact or length of his custody, and habeas relief is unavailable. See, e.g., Beckley v. Minor, 2005 WL 256047 (3d Cir. Feb. 3, 2005)("where the relief sought 'would not alter [petitioner's] sentence or undo his conviction,'" a district court does not have habeas jurisdiction)(not precedential); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 462 (3d Cir. 1996); Oberly v. Kearney, 2000 WL 1876439, *2 (D. Del. Dec. 15, 2000)(finding that a claim alleging petitioner is entitled to work release or home furlough is properly characterized as a § 1983 claim and not a § 2254 claim).

### III. **CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that the instant Petition does not warrant relief because it is moot. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

### IV. **CONCLUSION**

For the reasons discussed, the Court summarily dismisses the Petition as moot, without an evidentiary hearing. (D.I. 1) An appropriate Order follows.

Dated: March 2 , 2011  
       Robert B. Kugler

s/Robert B. Kugler  
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**